BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

STEPHEN MEYER (CABN 263954)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Stephen.Meyer@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 15-00285 LHK |
| v. | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS |
| DANIEL CHAVEZ, et al., | |
| Defendants. | |

    With the agreement of the parties and defendant's consent, the Court enters the following Order.

    The defendants are charged in a Superseding Indictment with violations of: Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(6) – Conspiracy to Commit Assault with a Deadly Weapon in Aid of Racketeering; Title 18, United States Code, Section 924(c)(1)(A) and 2 – Use/Possession of Firearm in Furtherance of Crime of Violence; Title 18, United States Code, Section 1959(a)(1) and 2 – Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of Racketeering; Title 18, United States Code, Section 924(j) – Use of Firearm Causing

Murder; Title 18, United States Code, Section 2113(a) and (d) – Armed Bank Robbery; Title 18, United States Code, Section 371 – Conspiracy to Commit Armed Bank Robbery; Title 18, United States Code, Section 1951(a) — Robbery and Conspiracy to Commit Robbery Affecting Interstate Commerce

Per the defendants' requests, the United States will produce documents and other materials pertaining to the charges in the Superseding Indictment to defense counsel, in lieu of making those materials available for review only. Some of these materials that the government deems to be sensitive (based on witness safety concerns or other comparable concerns) will be designated and/or labeled as "PROTECTED MATERIALS."[1] Any PROTECTED MATERIALS are deemed produced pursuant to the following restrictions:

1.  Except when actively being examined for the purpose of the preparation of the defense of defendant, the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s). Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the PROTECTED MATERIALS except as set forth below.

2.  The following individuals may examine the PROTECTED MATERIALS for the sole purpose of preparing the defense of defendant and for no other purpose:

    a)  counsel for defendant;

    b)  members of defense counsel's law office who are assisting with the preparation of defendant's defense;

    c)  defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the PROTECTED MATERIALS or copies thereof); and

---

[1] If defense counsel disputes the government's designation of specific materials as PROTECTED MATERIALS, then, after meeting and conferring with the government, the defense counsel or the government may seek Court intervention to resolve the dispute. Pending resolution of the dispute the disputed materials shall continue to be treated as PROTECTED MATERIALS subject to the terms of this Protective Order.

PROTECTIVE ORDER
CR 15-00285 LHK                                      2

       d)       paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection (d) may obtain copies of the PROTECTED MATERIALS so long as they secure them pursuant to the requirements of this Protective Order).

If defense counsel determines that additional persons are needed to review the PROTECTED MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

A copy of this Order shall be maintained with the PROTECTED MATERIALS at all times.

      3.     In addition to defendant having access to the PROTECTED MATERIALS in the manner provided for in paragraph 2c above, any incarcerated defendant may have access to the PROTECTED MATERIALS as follows:

      a.  Defense counsel may load the PROTECTED MATERIALS onto a laptop computer that meets the specifications outlined below (an "Approved Laptop") and provide an Approved Laptop to the in-custody defendant on a date that he is scheduled to be placed in a special location by the U.S. Marshals or jail staff for the purpose of reviewing the PROTECTED MATERIALS on an Approved Laptop. The special location shall be an isolated room or jail cell where the defendant may not have any contact with other inmates. The defendant shall be permitted to review the PROTECTED MATERIALS on an Approved Laptop for his scheduled date and the Approved Laptop must be retrieved by defense counsel (or designated paralegal) at the end of that day at a time specified by the jail in coordination with the U.S. Marshals. Any notes taken by the defendant during his review of the PROTECTED MATERIALS on an Approved Laptop must be made

electronically on an Approved Laptop. No writing instrument or paper will be provided to the defendant while he is using an Approved Laptop and he is prohibited from making any notes about the PROTECTED MATERIALS except on an Approved Laptop.

    b. It is expected that the U.S. Marshals and the jail will coordinate a schedule covering a period of 60 days (5 days a week) whereby each incarcerated defendant in this case will be permitted sufficient time to review the PROTECTED MATERIALS on an Approved Laptop. It is anticipated that the defense will obtain two Approved Laptops and that the U.S. Marshals and the jail will be able to have two defendants reviewing the PROTECTED MATERIALS in separate isolated cells using the Approved Laptops. The 60-day period may be extended by written stipulation of the parties or by order of the Court.[2]

The Approved Laptops shall have no internet or wireless capabilities. The Approved Laptops must not have any discs, CD-ROMs, electrical cords, or other peripheral devices attached to them or included with them when they are provided to incarcerated defendants. The Approved Laptops must comply with all requirements and specifications set forth by the jail and the United States Marshals.

    4. All individuals other than defense counsel and defendant who receive access to the PROTECTED MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant; and

    d) they understand that failure to abide by this Order may result in sanctions by this Court.

---

[2] The expectations recounted in this paragraph are based on recent accommodations made by the U.S. Marshals and the Santa Clara County Jail in a separate case. This agreement does not bind the U.S. Marshals or any jail, but the parties will use their best efforts to reach the expected results outlined in this paragraph.

1 | These signed copies shall be maintained by counsel for the parties and shall be made available upon
2 | request under seal to the Court.

3 |     5.    No other person shall be allowed to examine the PROTECTED MATERIALS
4 | without further order of the Court. Examination of the PROTECTED MATERIALS shall be done in a
5 | secure environment which will not expose the materials to other individuals not listed above.

6 |     6.    The PROTECTED MATERIALS may be duplicated to the extent necessary to
7 | prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this
8 | Order.

9 |     7.    If the PROTECTED MATERIALS are attached to any pleadings or other court
10 | submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those
11 | materials shall be filed or lodged under seal.

12 |     8.    The defense team shall return the PROTECTED MATERIALS (and any duplicate
13 | copies of the same) to the United States fourteen calendar days after any one of the following events,
14 | whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by
15 | court or jury; or the conclusion of any direct appeal.

16 |     9.    After the conclusion of proceedings in the district court or any direct appeal in the
17 | above-captioned case, the United States will maintain a copy of the PROTECTED MATERIALS. The
18 | United States will maintain the PROTECTED MATERIALS until the time period for filing a motion
19 | pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has
20 | expired, the United States may destroy the PROTECTED MATERIALS. In the event defendant is
21 | represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide
22 | that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and
23 | direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return
24 | the same materials fourteen calendar days after the district court's ruling on the motion or fourteen
25 | //
26 | //
27 | //
28 | //

PROTECTIVE ORDER
CR 15-00285 LHK                                   5

calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

BRIAN J. STRETCH
Acting United States Attorney

Dated:  March 3, 2016

/s/
Stephen Meyer
Assistant United States Attorney

Dated:  March 3, 2016

/s/
Peter Langdon Arian
Eric Stephen Multhaup
Counsel for defendant Terrell Golden

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: March 3 2016

HONORABLE HOWARD R. LLOYD
United States Magistrate Judge

PROTECTIVE ORDER
CR 15-00285 LHK                                6